FILED

2017 MAY 19 PM 3:49

CLERK US DISTRICT COURT MIDDLE DISTRICT OF FLORIDA

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**STEVEN J. KANIADAKIS**

**Plaintiff,**

**v.**

**Case No:** 8:17cv1195T36JSS

**THE EXECUTIVE BOARD OF DIRECTORS, SALESFORCE.COM, INC., *et al*, d/b/a SALESFORCE, INC., *et al.*, APPEXCHANGE**

______________________________/

**WITH DECLARATORY RELIEF SOUGHT & EMERGENCY JUDICIAL NOTICE CONSOLIDATION,**

**DEPOSITORY DECLARATORY ACTION**

## EMERGENCY DECLARATORY ACTION

Plaintiff brings this Declaratory action against The Accused, SALESFORCE, SALESFORCE, Inc. d/b/a and incorporated as SALESFORCE.COM, INC. *et al.* (as "SF/SFDC", respectively) and its co-Defendants including Twilio, Inc. et al. (collectively "The Accused") and alleges as follows:

## DECLARATORY JUDGEMENT:

Plaintiff brings this Declaratory Judgment action promptly to protect its innovative United States Patented *Talking Head* related designation of origin



TRO - 4380
$400

and source's product line therefrom The Accused unwarranted claims that technology and/or products therefrom. The Defendants' SF/SFDC making a document that Plaintiff's related technology:

**a.** The Accused do not cause infringement(s) and;

**b.** The Accused SF/SFDC, Defendants' The Executive Board of Directors, SF (SFDC) representation, which has specifically recorded, wrongfully, and unlawfully without the authorities in support thereof, recorded by and through legal representations made and stated the following:

> **["] . . . we believe this claim <u>is invalid</u> due to prior art among <u>other validity issues</u>. The <u>information</u> set out in <u>the claim was known</u> in the prior art well in advance of <u>any priority date it can claim</u> . . . ["]**
>
> **(emphasis added)**

More specifically, the second separated sentence and statement made;

**["] . . . The <u>information</u> set out in <u>the claim was known</u> in the prior art well in advance of <u>any priority date it can claim</u> . . . ["].**

**(emphasis added)**

**United States Patent No. 8,666,772** (as, "the patent US-772"). Specifically, The Accused will be served the formal Complaint on authority of Plaintiff's

right to exercise the patent US-772 and will be filed as an action in the United States District Court for the Middle District of FLORIDA, TAMPA Division as ' Civil Action No. _____________ ("The Salesforce [SF/SFDC] Infringements, Suit") alleging that at least one (1) of Sixty (60) or more different companies and related entities to The Accused including Twilio, Inc. et al. have infringed on the patent US-772, directly/indirectly, through their involvement with The Accused related technologies and products therefrom. Several of these companies have might seek indemnification from The Accused in relation to the Plaintiff's immediate forthcoming legitimate Complaint and allegations of infringements against The Accused. The Complaint will demonstrate:

**a.** The Accused has allegedly infringed on at least one (1) U.S. Patent infringement against The Accused and Plaintiff Kaniadakis' **patent US-772**;

**b.** The Accused has allegedly infringed on at least one (1) U.S. Trademark, and allegedly infringed on Plaintiff's registered **U.S. Trademark, "Call Calendar", # 4,469,219**. Again, the U.S. Trademark product's source and designation of origin is Plaintiff's U.S. Patent, US-772.

The Accused having been properly place on constructive Notice since the year 2012 about related U.S. Patent Pending infringement concerns. After patent US-772 had been published and later issued The Accused continued to infringe as will be alleged and will be set forth in said Complaint. Again with repeated Notices after The Accused have essentially ignored the kind timetable requested of The Accused, among other things, continued the infringing type behaviors and, in fact, compounded the U.S. Patent infringement concerns documented with U.S. Trademark relayed infringement concerns. Now, and approximately four (4) years later, The Accused use the defense as stated herein.

Accordingly, PLAINTIFF'S belief that he has this right to equally bring this action to free its customers, its product line, patented technology, itself and himself from this unwarranted allegation of no infringement. More particularly, the unfounded statement related to "invalid" and invalidly claims by SF/SCDC, The Executive Board of Directors, *et al*. This document is discoverable. In addition, their forthcoming co-Defendants Twilio and among other in a connection to infringements will likely take the thin piece of unfounded, bold, and oppressive like statements to heart. Since, the relatively easy path for many others to follow than to pay the piper for would be infringements as required by law to respect the letters.

In Plaintiff's Complaint it will be demonstrated that The Accused does not allege or shed light on the fact that it had acquired and owns another patent, which was in fact files at an even later "priority date" material to allegations which The Accused has taken such an unlawful, wrongful and erroneous defense to. But instead, SF/SFDC but for merely bold allegations and unfounded claims documented against The United States Patent by one thin piece of paper The Accused made the material representations outlined herein. The Accused will not accept the responsibility by the authority vested of The U.S. Patent and Trademark Office and the rights granted thereon to Plaintiff Kaniadakis to be an exclusive licensee. There is another related patent, apparently owned by SFDC, which is therefore included as a related Compliant as well.

## PARTIES

1. Plaintiff Kaniadakis resides in the State of Florida. Plaintiff Kaniadakis' principal place of business and home office is at 2895 64th Avenue South, Saint Petersburg, Florida, 33712-5554.

2. On information and belief, SALESFORCE.COM, INC., SALESFORCE, INC. et al. as a company organized and existing under the laws of Delaware, identifying its principal place of business and "Headquarters" at The Landmark

at One Market, #300, San Francisco, CA 94105, and it has the physical address and location by and through this point of contact material to Complaint and today's filing Plaintiff has been in contact with specifically to The Executive Offices, C.EO's, Phone 1-415-901-8423, Ext. # 9017008 among others in representations thereto.

3. SF/SFDC does not claim or cite any other patent, but purports the statements outlined herein and that SF/SFDC has no obligation(s) to respect the Rights of the exclusive licensee of the patent with rights to enforce the patent US-772, and SF/SFDC so it seems stays off its obligations to follow the rule of law and guards itself from becoming the infringer with an unlawful like pattern and course of conduct or practice which will be detailed and outlined in Plaintiff's Complaint.

4. On information and belief SF/SFDC has a local office in This District, and thereby has obligations under the judicial district and venue both under The U.S. District Middle of Florida, Tampa Division (as, "MD of FL").

5. On information and belief SF/SFDC has location and offices located including <u>Locally at</u>: **Tampa, FL, 4301 West Boy Scout Blvd, Suite #270, Tampa, FL 33607.**

6. The Accused typically relies and heavily relies upon internet related

business. Accordingly, The Accused has no walls and boundaries.

**7.** The Accused relies heavily upon other programs stationed throughout the U.S. The Accused have business throughout the United States as a Customer Relations Management program ("CRM").

**8.** The Accused engages and is engaged in the design, development, promotion, sale, distribution, management, marketing and relational computing programs of, among other things, software related technologies, web technologies and/or "cloud" technologies.

**9.** The Accused engages business with a wide range of "Fortune 100 and 500 Companies" throughout the U.S. Also, medium, small and very small businesses using The Accused CRM program. Even individuals, independent contractors, "week end warriors", licensed, unlicensed, home grown, imported talent, residents and/or other foreigners are dealing and among the force with The Accused inside and outside ('external programs') The U.S.A *via* The Accused's *AppExchange* (et al.) App Store front or Marketplace programs.

**10.** Therefore, The Accused has significant business in The State of Florida and this judicial district, MD of Florida.

## JURISDICTION

SUBJECT MATTER JURISDICTION

**11.** This Court has subject matter jurisdiction over Plaintiff's Declaratory Judgment claims pursuant to **28 U.S.C. §§ 2201 and 2202**.

PERSONAL JURISDICTION

**12.** Upon information and belief, The Accused are subject to general and specific personal jurisdiction in this judicial district based upon their purposeful, systematic, and continuous contacts with Florida, including those relating to this case, including The Accused local presence and competition The Accused poses in actions interfering with the typical business and with the same domain as Plaintiff's and in the bay area judicial district and venue including the owner of the property patent US-772 resides home in This District.

**13.** On information and belief, SF/SFDC intentionally and purposefully infringed and continued to infringe on the rights of the Plaintiff, posing the sole Exclusive Rights, on his intellectual property including but not limited to patent US-772. Furthermore, The Accused negotiated and contracted for rights related to another patent in California then SF/SFDC moved or included the same technologies at issue to Tampa, Florida and effectively in order to further gain advantage over Plaintiff Kaniadakis patent US-772 among other U.S. property which Plaintiff has the legal exclusive rights to.

**VENUE**

**14.** Venue is proper in this district pursuant to **28 U.S.C. § 1391** because a substantial part of the events giving rise to the claims at issue occurred in this MD of FL judicial district, and because the Defendants are subject to personal jurisdiction within this judicial district. Also, secondary to consolidation of cases by local rule. Judicial Notice/Motion filed separately to This Court. Furthermore, on a basis of **28 U.S.C. §§ 2201 and 2202** referenced herein. This is a matter involving Plaintiff's U.S. Patent and Trademark issues and infringement on the same with The Accused, SF/SFDC. On a premise including that; Just as is the U.S. Patent holder required to refrain from making asserted claims without plausible basis of the action or run the risk of Declaratory action: So must at least be the would defendant(s). However, this is not the case herein. SF/SFDC has defaulted in the law with at least one manner required of intent and the spirit of the steering or guiding law. This is an action compelling SF/SFDC to prove by reverse obligations and clear and convincing evidence, as counter-plaintiff in effect, the statements made against Plaintiff properly exercising, policing and enforcing his rights. Plaintiff resides in this venue and judicial district is believed to be proper.

**15.** On information and belief, SF/SFDC has taken intentional and purposeful steps to enforce its patent against residents of this judicial

district, including by making a record including, but not limited to, made bold, unfounded statements and the made document is known or should have been known to be unlawfully made as an unfair and action against the law by way of or in such statements, which have the likelihood of further effecting Plaintiff's livelihood, intellectual property, customers with principal places of business or operations in this judicial district for infringement of the patent US-772 and The Accused have a likelihood causing, seeking or enjoining these customers, enterprise and entities, *and others (et al.)*, their agents, officers, servants, employees, attorneys and all persons in active concert or participation with them from further infringement of the patent US-772. Plaintiff Kaniadakis' efforts to enforce the patent US-772 and enjoin these entities also adversely and foreseeably impact Kaniadakis and the patent, a resident of this judicial district, as described further in the immediate forthcoming Complaint against The Accused.

**16.** On information and belief, SF/SFDC has a part of the "CRM" business of monetizing on at least one patent, gaining advantage over or causing disadvantage to Plaintiff Kaniadakis, as SF/SFDC included as its standard business model a kind of method to create a type of business of shell entities

such as SF/SFDC *AppExchange* to hold different program applications (as, "apps"), direct/indirect assets, gathering the benefits of data and other information from the various "apps" to assert against operating entities interstate commerce including global arena, the latter of which may hold no alliance to The United States of America's rule of law *viz.* U.S. Patent and Trademark Office issued registrations; namely, the Plaintiff's. On information and belief, SF/SFDC causes these Apps on *AppExchange*, including many said shell type entities seem to be created in different locations and with confusingly similar, the same, substantially the same or substantially similar to Plaintiff Kaniadakis' U.S. Patent and U.S. Trademark and *vise-a-versa*, or in an attempt to generate jurisdiction in its chosen location, to avoid jurisdiction in other locations, disadvantage the rights of Plaintiffs' properties, or to gain advantage over rightful registrations issued by The U.S. Patent and Trademark Office. For instance, on the legal term of art Intent To Use (ITC) SF/SFDC using the property such as any commercially branded name of "app" could be filed after another participant in The Accused's scheme publishes an "app" on and in a connection to The Accused programs' web application site and related *AppExchange* pages. The Accused programs' gain benefits from the others directly/indirectly and a plausibility being without regard to the U.S. rule of laws.

For another instance, The Accused will be using ironically, so it seems, a similar or the same technology as Plaintiff's. In fact, this is what appears to be the pattern and course of conduct or practice of The Accused. Whereas, on point to Plaintiff Kaniadakis, The Accused unlawfully takes advantage and takes the technology and the name, which are each similar packaged as one. The latter instance is the event when first to publish, "or otherwise made available to the public", or contests on prior art claims by document standards which may not rise as great to ours in using The United States criteria and matters material for those seeking to exercise Rights under of U.S. Patent and Trademark laws. Although SF/SFDC might even offer or publish apps made "free", each participant, induced, contributory, are directly/indirectly enabling at the benefit of gaining data and information which is in turn valuable to sell, offer, put on sale or otherwise made available to the public and commercial enterprise, consumers sponsors, advertisers and other commercial vendors.

**17.** Beside this scheme, pattern and course of conduct or practice outlined above as Plaintiff Kaniadakis finds concerning is the matters of law.

**18.** Upon information and belief The Accused have violated The Law of The Land. The Accused has made a fetal breach of practice, wisdom and spirit of our law abiding country when Plaintiff continued to be exercising his Right on

8,666,772 among other rights in granted in The U.S. Patent and Trademark Office. This in accordance and belief to *The Supreme Court of The United States* opinioned in and about the law cited with the legal issues about the *Commil* decision.

**JURSIDICTION/VENUE**

**A judicial action in an alternative by Plaintiff;**

**19.** On issues concerning on issues about **35 U.S.C § § 271, 281, 284 and 15 USC §1125** including Unfair Competition under State **and** Federal ; **28 USC § 1367;**

**20.** A defense move was by essentially including a basis upon an asserted no infringement claim. Defense has raised an issue, among other things, including validity of Plaintiff's patent US-772 **and** citing no infringement, both. Defenses' facts and law are axiomatic and unfounded in this case. Therefore, there exists evidence, that is, a probability that exists that Defendants SF/SFDC might take action against the validity of Plaintiff's U.S. Patent. Therefore, a cause of action and a statement of claim now existing against Plaintiff Kaniadakis, which might means that he will have to suffer the risk and suffer reverse obligations, Kaniadakis as a "counter-defendant" to defenses' record raised and files material to this present case or near future

Complaint, which is forthcoming, wherein SF/SFDC played a role. Plaintiff has added that this becomes yet another matter that is compelling the defense and defendants SF/SFDC to remain and not move This Court; This jurisdiction; this judicial district **and** venue. There are many bases for this reasonability of findings of fact and law, which This Court could also justify.

**21.** Plaintiff preserves his stand and position made otherwise in the record and This Court. Upon his forthcoming Complaint, including SF/SFDC.

**22.** For essentially the same reasons as articulated in paragraphs which have been outlined above and Plaintiff had made a record in filings, to preserving his Rights to file a Declaratory Action on This Court against the defense and defendants, an alternative is true. Plaintiff Kaniadakis will have a likelihood of a cause of action and state a claim against defense and defendants on the basis of defenses' record filed and entered in This Court. Compelling defendants to prove there defense statements in this jurisdiction, venue and judicial district of MD, Florida, Tampa Div.

## A FACTUAL BASIS AND INFRINGING BEHAVIOR

**23.** Since times about **April, 2012** Plaintiff has been sending friendly Notices and packages substantiating infringement concerns to SF/SFDC. On matters heretofore dates outlined causing this action there has been no absolute

demands to cease and desist, except for requesting a timetable of SF/SFDC pursuant to lapsing time and following a telephone conversation with the C.E.O's Office.

**24.** But for, an action that was taken by SF/SFDC in the course of exercising Plaintiff's Rights under the law, including but not limited to an oppressive intent and/or action against the law, according to Plaintiff's reading of The Supreme Court of The United States Law of The Land, this case may well be subject only to the forthcoming immediate Complaint about to be filed herein and with This Court.

**25.** **On July 29, 2016** addressed The Accused's SF/SFDC letter and representations made of Marc Benioff, co-Founder, C.E.O and Chairman of The Board and to The Executive Board of Directors *et al.*. The Accused, Defendants' Salesforce, Inc. *et al.* SF/SFDC letter dated July 29, 2016 represented an answer to the two (2) main complaints pertaining to Plaintiff's U.S. Patent and U.S. Trademark infringement concerns. Ryan Cobb, Esq., foreign educated, Spain, had failed to definitively support, even substantially support, beyond this evasively bold, unsupported, statement made asserting among other issues, ["] **. . . The information set out in the claim was known in the prior art well in advance of any priority date it**

**can claim . . .** [“] (emphasis added).

26. **PLAINTIFF'S EXHS. “1” and ‘2”.**

27. **On September 29, 2016** Plaintiff Kaniadakis mailed another U.S. Certified mailed package with Return Receipt Received. Plaintiff challenged The Accused to prove representations and statements made in The Accused's letter of **July 29, 2016** again maintaining the chain of command and same initiating point of contact, addressed to Marc Benioff, Co-Founder, C.E.O and Chairman and to The Executive Board of Directors, *et. al.*

28. The Accused, Defendants' Salesforce, Inc. *et al.* Marc Benioff, C.E.O and Chairman and, The Executive Board of Directors had failed to even provide one ounce of evidence in support of their asserted claims, much less definitively support, even substantially support, bold, unsupported, allegations, asserted statement and representations asserting among other issues, [“] **. . . The information set out in the claim was known in the prior art well in advance of any priority date it can claim . . .** [“] (emphasis added).

29. Plaintiff had compelled The Accused to prove the statement made. The accused did not supply one ounce of any proof beyond legal representations

asserted on the weight of the thin, cheap reproduction of paper stationary, poor logo and of questionable origin, on The Accused's SF/SFDC letter head.[1]

**30.** In fact, none of the related to representations that were made in the July 29, 2016 were evidenced by The Accused to today's date of the Complaint. The Accused had asserted unfounded and non-evidenced statements on representations made. The Executive Board of Directors gives inferences about The Accused's intentions and good faith intentions. Especially in light of repeated false representations about not getting documents. The Accused continued a pattern and course of conduct and practice of making non-legitimate fabrications, falsehoods, including infringements and other false representations and misrepresentations.

**31.** The Accused, SF/SFDC attempted to intimidate, even more specifically, SF/SFDC oppressive type counter-offense action and SF/SFDC causing a plausible or a likelihood of cause of putting Plaintiff on a counter-defense position. When it is Plaintiff with the right to exercise and the presumptive

[1] On **November 07, 2016** package including Notice to Cure, Comply or Quit, license amount past due, in alternative Cease and Desist was sent *via* U.S. Cert. mail to Def. Salesforce, Inc. *et al.* Bad faith among other concerns were addressed. On **January 26, 2017** Defendants' Salesforce, Inc. *et al.* **Kiran Belur** acknowledged finding evidence of "artifacts" of the U.S. Trademark #4,469,219 remained displaying with The Accused's content and AppExchange. The Accused refused to be licensed and refuse to pay for the past three year term. The Accused had not given any time line requested to halt infringing on the mark or on the patent US-772.

truth and validity. Not the Accused, SF/SFDC. This behavior by SF/SFDC is believed to be known among legal authorities as an abuser like behavior. The Accused directed the referenced document to Plaintiff to evidently invoke or to cause fear from filing. The Accused have attempted to essentially compound and aggravate concerns and to cause damage, punitive injury and harm or re-victimize the holder of Rights issued by The United States Patent and Trademark Office, in reference to at least two (2) Official *United States of America* granted registrations. The representations by and through The Accused Board with the dated July 29, 2016 documented work which had been sent through at least one foreign educated representative of The Accused.

**32.** As of the date of this Declaratory Action The Accused SF/SFDC had not answered or responded to the demand that SF/SFDC be compelled to prove the documented statement, **PLAINTIFF'S EXHS. "'2"**.

## A LEGAL BASIS

**33.** Upon information and belief, Defendants' acts constitute an unlawful act are intentional, knowingly, willful disregard, infringements willful and wanton, as well as intentionally malicious, and the type of oppressive action/behavior(s) which has been ruled In The Law of The Land unlawful defense to stand their

ground against such a situation, against Plaintiff Kaniadakis said goodwill, and history will show Plaintiff's good faith material to complaint.

**34.** The Accused has even further more acted with bad faith, unfair business practices because The Accused asserted and challenged validity concerns. This is a bad act and unfair scare tactic. These tactics are not what would be expected of businesses' due care and consideration and especially one of the magnitudes of The Accused's corporation and not of any publically traded incorporation.

**35.** The Accused malicious nature has been well founded as a pattern and course of conduct or practice. Recently issues have been ruled law of the land *In The Supreme Court of The United States* to work adversely in a case on point. Thus, The Accused actions are likely to have caused an adverse action against them according to the law.

**36.** The Accused have asserted an unlawful act or unlawful position by asserting no infringement and invalidity claims as defense against the good will of Plaintiff's friendly Notices and supporting evidence mailed repeatedly in packages to The Accused. The Accused unlawful act cited with *Commil USA, LLC v. Cisco Systems, Inc. (S. Ct. 2015)*.

**37.** Despite the good will and good faith business practice which Plaintiffs Kaniadakis had engaged The Accused, among other infringing behavior and

other unscrupulous behaviors, either ignored and/or acted with malicious actions against Plaintiff in unfounded retaliation, making bolded unfounded allegations against the valid Rights held and exercised.

**38.** According to this reading of the law, The Accused must at this time be compelled to prove by clear and convincing evidence, or the strictest standards in light of Plaintiff's Right granted as a presumption of truth and official validity, which The Accused might have burden switches **and** changes over to The Accused to prove the asserted claims against the official title, or accept the Declaratory Judgment against all The Accused Defendants captioned.

**39.** The Accused are hereby compelled to prove against Plaintiff/counter defendant such statements represented and in said standard of evidence and in this judicial district as set forth herein this complaint. This by authorities of *Commil case* cited, *supra*.

**40.** *Commil USA, LLC v. Cisco Systems, Inc. (S. Ct. 2015)* as a defense had made a record and had been including a record of case law in a reference essentially to the validity of Plaintiff Kaniadakis' issued title of The United States Patent # 8,666,772. Although, in this instant case is involving Plaintiff Kaniadakis' has infringements which are referencing registered U.S. Trademark and U.S. Patent. Therefore, this present case charges The Accused as having

weighted intentions even more the mental state to simply ignore our United States authorities and rule of laws.

**41.** The *Commil* case for the present case and the infringement on the U.S. Patent offers a basis on which to give on this present case.

**42.** Plaintiff's belief that *Commil* case shall help provide some finding that This Court may deem as offering some guidelines as follows:

**A.** Plaintiff's reading is that The Supreme Court of The United States held that;

**i.** A belief (i.e., mental state) that a patent is "invalid" (as opposed to a belief of "non-infringement") is not a defense to inducement of patent infringement;

**ii.** A belief that the patent is "invalid" is not a defense to direct patent infringement or contributory infringement.

**B.** Whereas, with the *Commil* case, which is law of the land, *In The Supreme Court of The United States* Reaffirmed number two (2), above.

**43.** Show cause not as to validity or infringement but as to specific to the *Commil* decision (why the decision is wrong in this case) and law:

**a.** Why The Accused belief that findings including with the *Commil* authorities and the Law Of The Land should not apply to The Accused and Plaintiff case of infringement against The Accused;

**b.** Why This Court should not find reason to find probability that this case must remain in This Court in the Plaintiff's domain, this venue, this judicial district and jurisdiction. Since The Accused had included the validity defense against infringement matters;

**c.** Why A Declaratory Judgment should not be **GRANTED** against The Accused in this matter;

**44.** In the immediate Complaint forthcoming in the case of Plaintiff Kaniadakis' U.S. Patent and Trademark registrations issued is tied in the significant way to his U.S. Patent issued. The registrations in The U.S. Patent and Trademark Office have been made a record in this present case. The Accused have acted against the law on several counts, and The Accused have acted against the law in two (2) official offices of The United Stated of America, and it is a present case which must be accounted for by The Accused including compelling basis on course, raw bully tactics in which The Accused has been documented.

**45.** Plaintiff Kaniadakis' U.S. Trademark is embracing his U.S. Patent and designation of origin becomes part and parcel. This role including U.S. Trademark related issues will be outlined in forthcoming Complaint. On point to this demonstrated in this present case; Wherein, The Accused will be charged with violating both laws, in The United States Patent and Trademark law. These acts each likely was to cause confusion and designation questions in the minds of the public. The Accused have continued acting with blatant intentions. The Accused have acted with ingénues intent. The accused taken a position of essentially raw brutality, sheer money and power over fear of infringement concerns.

**46.** The validity and infringement defense offsets The Accused's documented facts and law is axiomatic and The Accused's statements of facts and law documented heretofore unfounded in this case.

**47.** According, *The Supreme Court of The United States*, in *Commi*l, and this is believed to applicable grounds to this present case at this time as this was for the U.S. Patent case for *Commil*, but for an early evidenced document of The Accused's' which may reveal to This Court The Accused state of mind and intent.

**48.** For at the very least reference with early documentation made of a validity claim by The Accused should warrant the negotiation of defenses' move to dismiss, which means probability to stay in This Court and in this judicial district, by virtue of a likelihood of a validity claim to be brought, and for This Court not to dismiss for any of the other axiomatic and/or defenses' contradictory reasons including a defense of no infringements.

**49.** Bad Faith Business Practice Acts, including Unfair Business Practices, Advantage, Competition, among other matters in Complaint.

**50.** Patent infringement of SF/SFDC patent filed later 8,731,151 **February 02 2012** issued **May 20, 2014**, Plaintiff's patent 8,666,772 **March 04, 2014** **and** **July 12, 2010** prior to SF/SFDC patent, the former patent is not charged at this time.

**51.** Plaintiff has been harmed by Defendants' pattern and course of conduct or practice as alleged above in an amount not yet completely known.

**COUNT I**

**52.** Plaintiff Kaniadakis repeats the allegations referenced and contained in the preceding paragraphs as though fully set forth herein and as follows;

**53.** Declaratory Judgment Entered on a basis and grounds including BUSINESS PRACTICES BAD FAITH ACT UNLAWFUL ACTS

AGAINST DEFENDANTS PURSUANT U.S. PATENT LAW; **35 U.S.C §§ 271, 281, 284 and 15 USC §1125;** and Unfair Competition, **28 USC § 1367;**

**54.** Declaratory Judgment Entered against The Accused. By virtue of Plaintiff Kaniadakis' patent US-772 with rights to serve notice to, enforce, patrol (police) as required by due diligence his rights as the U.S. inventor and U.S. Patent title requires and by virtue under the laws of The United States of America, and file suite on infringers that fail to comply with the law. A true and correct copy of the patent 8,666, 772 is attached hereto as **PLAINTIFF'S EXH. "3"**.

**55.** Declaratory Judgment against SF/SFDC representations of The Executive Board of Directors, C.E.O, *et al.* asserted statement made. By virtue and in light of Plaintiff Kaniadakis being the named as he owner of the patent US-772 and evidences his absolute right, presumptive truth and validity to have the Exclusive Rights as entitled by virtue of the method/process letters of the law.

**56.** Declaratory Judgment against SF/SFDC for failing to comply with the laws under The United States Patent rights. By virtue of attached evidencing the intent not to comply and to continue to infringe on the same having the same attached state of mind evidenced.

**57.** Declaratory Judgment against SF/SFDC for failing to comply with the

laws under The United States Patent rights. By virtue of Law of The Land mark cases *In The Supreme Court of The United States*, citing *Commil* and cases up held therein among others and/or as outlined herein.

**58.** By virtue of other co-Defendants to be included in the Complaint even by Declaratory Action GRANTED against SF/SFDC, *et al.* By virtue of a forthcoming immediate claim of the patent US-772 infringement case will be separately filed immediately with Plaintiff Kaniadakis' Complaint that will allege that there has been, among other matters, on at least one (1) count (filing pre-discovery findings at least sixty counts all about the same type infringement, like a cloned infringement or cancer disease spreading wildly, without law, like the wild west with a pattern and course of conduct or practice) either directly/indirectly infringements, contributory, inducement and otherwise involving other intellectual property and other participants, co-Defendants, through SF/SFDC activities in conjunction with SF/SFDC, *et al.* infringing programs' technology and products.

**59.** As set forth above, an actual controversy exists between Plaintiff Kaniadakis and Defendants, SF/SFDC, as to infringement **and** validity of *The United States Patent*; Plaintiff Kaniadakis desires a judicial determination and declaration of the respective rights and duties of the

parties herein. Such a determination and declaration is necessary and appropriate at this time in order that the parties may ascertain their respective rights and duties and for the reasons set forth above. In light of the facts and the law that Plaintiff holds the presumptive truth and valid title, Rights under The United States Patent. In light of the law In The Supreme Court of The United States *supra*, which is believed to send a chilling effect on the state of mind, so called *mens rae*, or mental state that would be infringers cannot take a double action intent of no infringement and invalidity assertions against the presumptive truth and lawful valid holding by Rights granted In our United States thereunder.

**60.** Defamation of character with/without malleus and/or oppressive intent.

**61.** Insult to injury with/without malleus and/or oppressive intent.

**62.** Plaintiff Kaniadakis has not requested a jury. Therefore, This Court is in a position to make the judgment and rest assured as the sole jurist in this matter.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Kaniadakis prays for the following, and respectfully prompt, relief:

**A.** A declaration with prejudice that SF/SEDC has violated the law;

**B.** A declaration prejudice that SF/SFDC extent of any/all infringement may become evidenced on infringing, directly/indirectly, contributory, inducement and otherwise, any/all claim of the patent US-772 after Plaintiff's Complaint set to be filed shortly in This Court and by consolidation local rule separately and cross-referenced herein moved by Plaintiff Kaniadakis;

**C.** A declaration that each infringement claim Plaintiff will bring be examined herein as valid and forthcoming;

**D.** An order that Defendants, SF/SFDC and each of their Officers, employees, agents, alter egos, attorneys, and any persons in active concert or participation with them are restrained and enjoined from further prosecuting or instituting any action against Plaintiff Kaniadakis to cause him to later become counter-defendant or otherwise or to Plaintiff's customers claiming that the patent US-772 patent is or maybe invalid, not enforceable in any related manner, or that Defendants' SF/SFDC had not infringed, or from representing that SF/SFDC technologies, including SF/SFDC patent they own, products/services, or that others' use thereof, infringe the US-772

patent;

E. Patent infringement of SF/SFDC patent filed later 8,731,151 issued **May 20, 2014**, Plaintiff's patent US-772 prior to SF/SFDC patent, which had been filed or otherwise acquired by SF/SFDC *ex post facto*, will become the subject to the immediately forthcoming Complaint and further discoverable evidence by Plaintiff and reverse discovery obligations of the parties thereof;

F. A declaration that SF/SFDC will not destroy, impede, obstruct justice in any way including destroying or alterations of evidence, collaborations, coercion and any other acts including further oppressive acts to anyone and anybody. An order for the same that Defendants, SF/SFDC and each of their Officers, employees, agents, alter egos, attorneys, and any persons in active concert or participation with them are restrained and enjoined from further prosecuting or instituting any action against Plaintiff Kaniadakis and his intellectual property, especially The United States Patent 8,666,772;

G. By virtue of an unlawful act, and by virtue of oppressive intent, a declaration that this case is exceptional under **35 U.S.C. § 285** and awarding Plaintiff Kaniadakis any/all professional fees, court costs,

attorneys' fees and expenses, certified public accountant fees and expenses, investigative fees, cost and expenses, and costs in connection with this case;

**H.** Such other and further relief as the Court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT on _______ ___, **2017**, I electronically filed the foregoing using the Management/Electronic Case Filing system ("CM/ECF") *via* Clerk of Court after being hand delivered OTC, and the Clerk which will send a Notice of this captioned Electronic Filings to the following CM/ECF Defendants' and participants, and I have requested that the same be served by Official Summons issued by The U.S. Clerk of This U.S. Court of a copy of the foregoing captioned Complaint upon each of the following of The Accused the same. Dated / endorsed with the U.S. Clerk of Court. A complete copy will be as usual provided and hand delivered to chambers as per Her Honor's instruction.

**Defendants;**

**Salesforce.com, Inc.**
**d/b/a Salesforce, Inc. AppExchange, *et. al.***
The Executive Board of Directors,
The Landmark at One Market, #300
San Francisco, CA 94105
Executive Offices, C.EO's
Phone 1-415-901-8423,
Ext. # 9017008
General Phones: 800-607-6389

Dated this, 19th day of MAY, 2017.

**Respectfully Submitted,**

Steven J. Kaniadakis,
Plaintiff, *Pro se*
stevenkdpm@yahoo.com
2895 64th Avenue South
St. Petersburg, FL 33712-5554
Telephone: 727-871-9999